28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. GEITZ, Plaintiff-Appellant,
v.
James THIERET, et al., Defendants-Appellees.
 No. 93-2907.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1994.*
Decided July 7, 1994.
Rehearing Denied July 26, 1994.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 We remanded this case in 1990 for consideration of a single issue: whether James Geitz's jailers in Illinois, on transferring him to a prison in St. Louis, intentionally or recklessly failed to notify his new custodians that he was at risk of retaliation from a prison gang. That question was submitted to a jury, which returned a verdict in favor of Warden James Thieret, the sole remaining defendant. Geitz again appeals.
 
 
 2
 His first contention on appeal is that the district court should have allowed him to amend the complaint, after remand, to add a claim that the defendants violated the Constitution by failing to place him in protective custody at Menard before his transfer to St. Louis. That contention had been made and rejected on the merits earlier; Geitz did not raise it on appeal. Proceedings on remand do not permit a litigant to resurrect claims decided on the merits earlier and bypassed on appeal. (We add, for what it is worth, that the claim appears to lack merit. Geitz was not assaulted at Menard. Even if the guards took insufficient care, an error without damages is not actionable.)
 
 
 3
 The magistrate judge instructed the jury that when assessing credibility it could consider the fact that Geitz was a convicted felon. In fact, he has seven felony convictions. This instruction was proper under Fed.R.Civ.P. 609. That he had been convicted of some felony was evident from the nature of the claim. The judge weighed the probative value of letting the jury know that there were seven convictions against the prejudicial impact and prevented the defendants from informing the jury of the crime of which Geitz had been convicted. No one dwelled on details; there was no error.
 
 
 4
 Geitz contends that the prosecutor made improper arguments to the jury. Most of his objections were sustained, and the judge gave cautionary instructions. The remaining points were rhetorical (such as the observation that Geitz had not sued the inmates who beat him in St. Louis), and the judge did not abuse his discretion in permitting counsel to argue--subject, of course, to reply from Geitz's lawyer.
 
 
 5
 Indeed, the judge bent over backward to protect Geitz. Consider his principal example of supposedly improper argument by defense counsel. Plaintiff's lawyer asked for compensatory damages plus $1 million in punitive damages. In reply, Thieret's lawyer pointed out that punitive damages are designed to deter and that Thieret is a public employee, adding: "It doesn't take a lot of money to punish someone who's working on a State salary." The magistrate judge sustained an objection and instructed the jury to disregard this comment--yet given the common appeal by plaintiffs to defendants' net worth in punitive damages cases, an argument by defense counsel that the party is not wealthy does not seem out of line. Anyway, the jury returned a verdict for Thieret on the merits, mooting arguments abut the quantum of damages. As for the contention that defense counsel implied that Geitz was a murderer by pointing out that murderers are segregated in St. Louis: counsel immediately stated: "I made a mistake. Mr. Geitz has never been convicted of murder. If that was what my implication was, that's incorrect. ... I apologize. It was a slip of the tongue."
 
 
 6
 Geitz had a fair trial.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This panel, which decided the initial appeal, has concluded in light of its familiarity with the case that oral argument would not be helpful. The appeal is submitted for decision on the briefs and record